UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL FIORITO,                                           Case No. 20-CV-2679 (PJS/ECW)

             Plaintiff,

v.                                                                    ORDER

UNITED STATES OF AMERICA;
MICHAEL CARVAJAL, BOP Direc.; IAN
CONNOR; MR. BREWER, BOP Dep. Direc.;
JOHN & JANE DOE, BOP Employees in
Wash D.C.; and BOP GENERAL COUNSEL
DOE,

             Defendants.

---

This action comes before the Court on plaintiff Michael Fiorito's (1) Complaint for Violation of Civil Rights, ECF No. 1 ("complaint"); and (2) Motion Requesting This Case Be Transferred Back to the Appropriate Venue, ECF No. 14 ("Transfer Motion"). For the following reasons, the Court (1) finds that the complaint does not contain a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i); and (2) transfers this action back to the U.S. District Court for the District of Columbia ("USDC-DC").

Fiorito is a highly litigious federal prisoner who is currently confined at the U.S. Penitentiary in Atlanta, Georgia ("USP Atlanta"). *See* compl. at 2. He originally filed this action in the USDC-DC. *See id.* at 1. On December 9, 2020, the USDC-DC filed an order addressing the complaint. *See* Transfer Order, ECF No. 7. Noting that Fiorito

"styles the complaint primarily as an action for constitutional violations," the USDC-DC stated that "[t]he primary relief sought . . . is an order directing BOP [the Bureau of Prisons] to release [Fiorito] to home confinement pursuant to the goal of the CARES Act to reduce the federal prison population due to COVID-19." *Id*. at 1. The USDC-DC concluded that federal courts lack jurisdiction over this request. *See id.* at 1–2 (citing and quoting *United States v. Orji*, No. 18-CR-0068 (BAH), 2020 WL 5107545, at *4 (D.D.C. Aug. 31, 2020)); *see also* 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment under [§ 3621] is not reviewable by any court.").

The USDC-DC further stated that "[a]lternatively, the complaint could be construed as a demand for compassionate release, pursuant to the First Step Act, based on the 'extraordinary and compelling' circumstances created by COVID-19." *Id.* at 2 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); internal citation omitted). Such a claim, however, "must be presented to the sentencing court." *Id.* at 2–3 (citing cases). The USDC-DC thus transferred the action here. *See id.* at 3. In a footnote, the USDC-DC stated that "[t]o the extent that [Fiorito] is raising claims regarding the conditions of his confinement at USP Atlanta . . . venue in the District of Columbia is improper." *Id.* at 1 n.1 (citing 28 U.S.C. §§ 1391(b), 1406(a)). The USDC-DC thus "[left] it to the receiving court to decide whether plaintiff has properly stated any such claims and, if so, where they should be heard." *Id.*

-2-

Since this case's transfer, Fiorito has repeatedly and emphatically informed this Court that he did not and does not intend for his complaint to include a compassionate-release request. *See* Ltr. from Michael Fiorito to Hon. Patrick J. Schiltz 1, *United States v. Fiorito*, No. 07-CR-0212 (PJS/JSM) (D. Minn. Jan. 5, 2021); Transfer Mot. 1. Fiorito also filed the Transfer Motion, asking this Court to send the action back "where it belongs" (by which Fiorito means the USDC-DC).

Fiorito is a sophisticated and experienced pro se litigant. He knows how to file a compassionate-release request—and, in fact, he has already filed two such requests in this Court, both of which were denied on the merits. *See* Req. for Compassionate Release, *United States v. Fiorito*, No. 07-CR-0212 (PJS/JSM) (D. Minn. Sept. 20, 2019); Mot. for Compassionate Release, *United States v. Fiorito*, No. 07-CR-0212 (PJS/JSM) (D. Minn. May 4, 2020); Order, *United States v. Fiorito*, No. 07-CR-0212 (PJS/JSM) (D. Minn. July 20, 2020). In light of the fact that Fiorito has clarified that he is *not* pursuing compassionate release in this action—and given that Fiorito has already filed two unsuccessful compassionate-release requests in this District—the Court finds that Fiorito's complaint does not include a request for compassionate release.[1]

---

[1]Both the complaint and the Transfer Motion contain Fiorito's usual mix of outright falsehoods, misleading assertions, self-pity, and contempt for judges and law clerks. The Court wishes to make clear that, in granting Fiorito's Motion to Transfer, the Court does not imply that it agrees with anything said in that motion, save the assertion that the case should be transferred back to the USDC-DC.

Given that Fiorito's complaint does not assert a claim for compassionate release, the Court must decide what to do with it. In his complaint, Fiorito complains about conditions at USP Atlanta, but the main thrust of his complaint is that BOP officials in Washington, D.C., have acted unlawfully by not releasing Fiorito to home confinement, notwithstanding the fact that BOP officials in Atlanta have allegedly recommended such action. *See, e.g.*, compl. at 7–9, 14–15. Given the complaint's mix of allegations regarding conditions at USP Atlanta and conduct by BOP officials in Washington, this Court is not entirely sure whether the complaint should proceed in the USDC-DC or in the U.S. District Court for the Northern District of Georgia ("USDC-NDGA").[2]

The Court is certain, however, that the complaint does not belong in this District. Nothing in the complaint challenges the *imposition* of Fiorito's sentence; instead, the complaint challenges only its *execution*. All of the conduct challenged in the complaint occurred in the District of Columbia or Georgia; none of that conduct occurred in Minnesota. And nothing in the complaint seeks relief from anyone who lives or works in Minnesota; instead, the complaint names as defendants and seeks relief from BOP officials in the District of Columbia (defendants over whom this Court almost certainly does not have personal jurisdiction).

---

[2]USP Atlanta is within Atlanta, Georgia; Atlanta lies in Cobb County; and Cobb County falls within Georgia's Northern District. *See* 28 U.S.C. § 90(a)(3).

The Court therefore respectfully transfers this action back to the U.S. District Court for the District of Columbia.  That court may address whether it should dispose of this action or transfer it to the USDC-NDGA.  *See* 28 U.S.C. § 1406(a).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Plaintiff Michael Fiorito's motion to transfer this case to the U.S. District Court for the District of Columbia  [ECF No. 14] is GRANTED.

2.      This action is TRANSFERRED back to the U.S. District Court for the District of Columbia for further proceedings.

Dated:  February 3, 2021                          s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge